**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   3:18-CV-00965 |
| MARK XVI TRANSPORTATION SOLUTIONS, INC., ROBERT GRANA, TIMOTHY DESSER, CYNTHIA HEAD, DAVID H. HURSEY, ROBERT LISS, DONALD SKELTON, CHRISTOPHER HURSEY, BLUE ORBIS CAPITAL ADVISORS, LLC, HLH, LLC, and MULTIMODAL LOGISTICS MANAGEMENT, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Endurance American Specialty Insurance Company ("Endurance"), by and through its attorneys, Hinshaw & Culbertson LLP, and for its Complaint for Declaratory Judgment against Defendants, Mark XVI Transportation Solutions, Inc. ("Mark XVI"), Robert Grana ("Grana"), Timothy Desser ("Desser"), Cynthia Head, David H. Hursey ("Dave Hursey"), Robert Liss ("Liss"), Donald Skelton ("Skelton"), Christopher Hursey, Blue Orbis Capital Advisors, LLC ("Blue Orbis"), HLH, LLC ("HLH"), and Multimodal Logistics Management, Inc. ("Multimodal Logistics"), states as follows:

## NATURE OF THE ACTION

1.      By this declaratory judgment action, Endurance seeks a determination that it has no duty to defend or indemnify Defendants Mark XVI, Grana, Desser, and Cynthia Head under three commercial general liability policies for an underlying shareholder derivative action.  The First Amended Verified Complaint ("Amended Complaint") filed in the underlying shareholder

derivative action alleges that the underlying plaintiffs are "the victims of a palace coup stripping them of all benefits of ownership of a multi-million-dollar corporation." Allegedly, "Mark XVI was looted and much of the evidence of the [palace] coup and looting was destroyed by wiping the hard drives of sixty computers and a very convenient five-alarm warehouse fire." The Amended Complaint seeks, among other things, "the full value of Mark XVI prior to [the Underlying Defendants'] interference worth over $17.5 million … and punitive damages to punish and deter the disturbing actions of the individual [Underlying Defendants] alleged herein and willful destruction of evidence." The Amended Complaint alleges only intentional misconduct, including breach of contract.

2.      Endurance did not provide directors and officers liability insurance or professional liability insurance. The three commercial general liability policies issued by Endurance provide – in many different ways – that they do not afford coverage for the types of misconduct, injuries, and relief alleged in the Amended Complaint. This eleven-count Complaint for Declaratory Judgment sets forth the reasons that Endurance owes no duty to defend or indemnify Defendants Mark XVI, Grana, Desser, and Cynthia Head, including, among others, that: (a) the Amended Complaint does not allege "bodily injury" or "property damage" caused by an "occurrence"/"accident", as required by the insuring agreement of Coverage A (Bodily Injury And Property Damage Liability) of the Endurance Policies (Count IV); (b) the Amended Complaint does not allege "personal and advertising injury", as required by the insuring agreement of Coverage B (Personal And Advertising Injury Liability) of the Endurance Policies (Count V); (c) the damages alleged in the Amended Complaint do not arise out of the "ownership, maintenance or use" of the premises listed in the location schedules of the Endurance Policies, or operations necessary or incidental to those premises, as required by the

301699650v1 1006608

"Limitation of Coverage to Designated Premises or Project" endorsement (Count VI); (d) even if the allegations of the Amended Complaint triggered the insuring agreements for Coverages A and/or B (which they do not), coverage is barred by the "Professional Liability Exclusion" endorsement (Count VII); and various other coverage defenses (Counts I-III and VIII-XI).

## <u>PARTIES</u>

3.      Plaintiff, Endurance, is an insurance company incorporated under the laws of the state of Delaware with its principal place of business located at 1221 Avenue of the Americas, New York, New York.  Accordingly, Endurance is a citizen of the states of Delaware and New York.  It is authorized to transact business and has transacted business in the state of Illinois.

4.      On information and belief, Defendant, Mark XVI, is an Arizona corporation with its principal place of business located at 1662 Windham Way, O'Fallon, St. Clair County, Illinois.  Accordingly, on information and belief, Mark XVI is a citizen of the states of Arizona and Illinois.

5.      On information and belief, Defendant, Grana, is domiciled in the state of Missouri and transacted business in St. Clair County, Illinois at all times relevant to this Complaint. Accordingly, on information and belief, Grana is a citizen of the state of Missouri.

6.      On information and belief, Defendant, Desser, is domiciled in the state of Oregon, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint. Accordingly, on information and belief, Desser is a citizen of the state of Oregon.

7.      On information and belief, Defendant, Cynthia Head, is domiciled in the state of Missouri, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint.  Accordingly, on information and belief, Cynthia Head is a citizen of the state of Missouri.

301699650v1 1006608

8.     On information and belief, Defendant, Dave Hursey, is domiciled in the state of Illinois and resides in O'Fallon, St. Clair County, Illinois, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint.  Accordingly, on information and belief, Dave Hursey is a citizen of the state of Illinois.

9.     On information and belief, Defendant, Liss, is domiciled in the state of Arizona, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint. Accordingly, on information and belief, Liss is a citizen of the state of Arizona.

10.     On information and belief, Defendant, Skelton, is domiciled in the state of Florida, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint.  Accordingly, on information and belief, Skelton is a citizen of the state of Florida.

11.     On information and belief, Defendant, Christopher Hursey, is domiciled in the state of Illinois and resides in O'Fallon, St. Clair County, Illinois, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint.  Accordingly, on information and belief, Christopher Hursey is a citizen of the state of Illinois.

12.     On information and belief, Defendant, Blue Orbis, is a Florida limited liability company with its principal place of business located at 28100 Bonita Grande Drive 101, Bonita Springs, Florida, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint. On information and belief, none of the members of Blue Orbis are citizens of the states of Delaware or New York.

13.     On information and belief, Defendant, HLH, is a Missouri limited liability company with its principal place of business located at 6109 Northwest 77th Street, Kansas City, Missouri, and transacted business in St. Clair County, Illinois at all times relevant to this

301699650v1 1006608

Complaint. On information and belief, none of the members of HLH are citizens of the states of Delaware or New York.

14.     On information and belief, Defendant, Multimodal Logistics, is a Tennessee corporation with its principal place of business located at 4522 North Scottsdale Road, Scottsdale, Arizona, and transacted business in St. Clair County, Illinois at all times relevant to this Complaint.  Accordingly, on information and belief, Multimodal Logistics is a citizen of the states of Tennessee and Arizona.

15.     Mark XVI, Dave Hursey, Liss, Skelton, Christopher Hursey, Blue Orbis, HLH, and Multimodal Logistics are plaintiffs in an underlying lawsuit against Mark XVI, Grana, Desser, and three other underlying defendants.  Mark XVI, Dave Hursey, Liss, Skelton, Christopher Hursey, Blue Orbis, HLH, and Multimodal Logistics are named as nominal defendants in this declaratory judgment action because they are parties which may have an interest in the matters at issue, but no claims are asserted against them.

## JURISDICTION AND VENUE

16.     This Court has personal jurisdiction over the Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 735 ILCS 5/2-209(a), 5/2-209(b), and/or 5/2-209(c).

17.     This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because, on information and belief, there is diversity of citizenship between the Plaintiff, Endurance, and all the Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

18.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 2201(a). An actual, immediate, and justiciable controversy exists between the parties with respect to the coverage provided under the terms of the three liability insurance policies issued by Endurance, such that a declaratory judgment will affect the rights and interests of the parties.

301699650v1 1006608

19.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in St. Clair County, Illinois, which is located in this district, and/or pursuant to 28 U.S.C. § 1391(b)(3) because, on information and belief, one or more of the Defendants is subject to personal jurisdiction in this district with respect to this action.

## THE ENDURANCE INSURANCE POLICIES

20.    Endurance issued three policies of occurrence-based commercial general liability insurance to KART Brokerage Services LLC as the first-named insured:

  a.    Policy number CBC20000163600, effective November 20, 2014 to November 20, 2015 (the "2014-2015 Endurance Policy"), true and correct copy attached hereto as **Exhibit 1** (bates stamped "ENDR00001" to "ENDR00051").

  b.    Policy number CBC20000163601, effective November 20, 2015 to November 20, 2016 (the "2015-2016 Endurance Policy"), true and correct copy attached hereto as **Exhibit 2** (bates stamped "ENDR00052" to "END000109").

  c.    Policy number CBC20000163602, effective November 20, 2016 to October 1, 2017 (the "2016-2017 Endurance Policy"), true and correct copy attached hereto as **Exhibit 3** (bates stamped "ENDR00110" to "ENDR00167").

21.    Collectively, the 2014-2015 Endurance Policy, 2015-2016 Endurance Policy, and 2016-2017 Endurance Policy are referred to herein as the "Endurance Policies."

22.    The total annual premium (inclusive of tax and the policy fee) for each of the Endurance Policies was:

  a.    $787.50 for the 2014-2015 Endurance Policy. (**Exhibit 1**, ENDT00002.)

  b.    $1,287.50 for the 2015-2016 Endurance Policy. (**Exhibit 2**, ENDT00053, ENDT00105.)

301699650v1 1006608

    c.      $1,169.70 for the 2016-2017 Endurance Policy. (**Exhibit 3**, ENDT00111.)

23.     The 2015-2016 and 2016-2017 Endurance Policies are subject to an "Additional Named Insureds Schedule" endorsement, which identifies the Named Insureds as KART Brokerage Services LLC and Mark XVI. (**Exhibit 2**, ENDR00102; **Exhibit 3**, ENDR00165.)

24.     The Endurance Polices each are subject to the following insuring agreement applicable to Coverage A, Bodily Injury And Property Damage Liability:

    1.     Insuring Agreement

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

           (1)    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

           (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

           No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

        b.    This insurance applies to "bodily injury" and "property damage" only if:

           (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

           (2)    The "bodily injury" or "property damage" occurs during the policy period; …

(**Exhibit 1**, ENDT00015; **Exhibit 2**, ENDT00066; **Exhibit 3**, ENDT00128.)

301699650v1 1006608

25.     The Endurance Policies each are subject to the following insuring agreement applicable to Coverage B, Personal And Advertising Injury Liability:

1.     Insuring Agreement

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.     This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(**Exhibit 1**, ENDT00020; **Exhibit 2**, ENDT00071; **Exhibit 3**, ENDT00133.)

26.     The Endurance Policies each are subject to the following exclusions under Coverage A, Bodily Injury And Property Damage Liability:

This insurance does not apply to:

a.     Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to

301699650v1 1006608

"bodily injury" resulting from the use of reasonable force to protect persons or property.

*     *     *

j.    Damage To Property

"Property damage" to:

(1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

*     *     *

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

*     *     *

p.    Electronic Data

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(**Exhibit 1**, ENDT00016-19; **Exhibit 2**, ENDT00067-70; **Exhibit 3**, ENDT00129-132.)

27.    The Endurance Policies each are subject to the following exclusions under Coverage B, Personal And Advertising Injury Liability:

This insurance does not apply to:

a.    Knowing Violation Of Rights Of Another

9 of 45

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

b.    Material Published With Knowledge Of Falsity

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

\*      \*      \*

d.    Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

\*      \*      \*

f.    Breach Of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

(**Exhibit 1**, ENDT00020; **Exhibit 2**, ENDT00071; **Exhibit 3**, ENDT00133.)

28.    Each of the Endurance Policies is subject to a "Punitive, Treble or Exemplary Damages Exclusion" endorsement:

It is hereby agreed that this policy shall not apply to a claim of, or indemnification for, punitive, treble or exemplary damages. If a "suit" shall have been brought against the insured for any claim falling within the coverage provided under the policy, seeking both compensatory and punitive, treble or exemplary damages, then we will afford a defense to such action. In no event, however, shall we have an obligation to pay for any loss, costs, interest, expenses or damages attributable to punitive, treble or exemplary damages.

(**Exhibit 1**, ENDT00034, **Exhibit 2**, ENDT00085; **Exhibit 3**, ENDT00148.)

29.    Each of the Endurance Policies is subject to a "Cross Liability Exclusion" endorsement:

It is hereby agreed that this policy shall not apply to any liability of one insured for "bodily injury" or "personal and advertising injury" to an

"employee" and/or "temporary worker" of another insured, nor shall it apply to any liability of one insured for "property damage" to real or personal property of another insured. For purposes of this endorsement, the term insured does not include additional insureds added to this policy by endorsement.

(**Exhibit 1**, ENDT00035; **Exhibit 2**, ENDT00086; **Exhibit 3**, ENDT00149.)

30.     Each of the Endurance Policies is subject to a "Professional Liability Exclusion" endorsement:

It is hereby agreed that this policy shall not apply to "bodily injury", "property damage", "personal and advertising injury" or medical expenses arising out of the rendering or failure to render any of the following professional services:

*        *        *

3)      Legal, Accounting, Tax Preparation, Financial or Investment Services;

*        *        *

It is further agreed that this policy shall not apply to "bodily injury", "property damage", "personal and advertising injury", or medical expenses arising out of any supervisory, inspection, review or consultancy services performed in connection with any of the above professional services.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or those who are either employed by you or performing work on your behalf in such capacity.

(**Exhibit 1**, ENDT00036-37; **Exhibit 2**, ENDT00087-88; **Exhibit 3**, ENDT00150-151.)

31.     Each of the Endurance Policies is subject to an "Employment Relations Exclusion" endorsement:

It is hereby agreed that this policy shall not apply to actual or alleged "bodily injury", "property damage" or "personal and advertising injury" to:

(1)     An "employee" or former "employee" of any insured, whether or not arising out of or in the course of employment by the insured, or an applicant for employment with any insured, if the "bodily injury", "property damage" or "personal and advertising injury" arises out of any of the following:

a.      Refusal to employ or rehire;

b.      Termination of employment, including but not limited to lay-offs for any reason, retirement or reduction in force;

*       *       *

p.      Other employment related practices, policies, acts or omissions.

(**Exhibit 1**, ENDT00038-39; **Exhibit 2**, ENDT00090-91; **Exhibit 3**, ENDT00153-154.)

32.     Each of the Endurance Policies is subject to a "Limitation of Coverage to Designated Premises or Project" endorsement:

SCHEDULE

| Premises: as listed in location schedule |
| Project: |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1.      The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.      The project shown in the Schedule.

(**Exhibit 1**, ENDT00048; **Exhibit 2**, ENDT00099; **Exhibit 3**, ENDT00160.)

301699650v1 1006608

33.     The words "as listed in location schedule" are not printed in the Schedules for the "Limitation of Coverage to Designated Premises or Project" endorsements to the 2014-2015 and 2015-2016 Endurance Policies. (**Exhibit 1**, ENDT00048; **Exhibit 2**, ENDT00099.)

34.     The location schedules ("All Premises You Own, Rent Or Occupy") of the Commercial General Liability Declarations for the 2014-2015 and 2015-2016 Endurance Policies list the following address: 1400 US Hwy 71 South, Savannah, MO 64485. (**Exhibit 1**, ENDT00012; **Exhibit 2**, ENDT00063.)

35.     The location schedule ("All Premises You Own, Rent Or Occupy") of the Commercial General Liability Declarations for the 2016-2017 Endurance Policy lists the following addresses: (1) 1400 US Hwy 71 South, Savannah, MO 64485; and (2) 1662 Windham Way, Suite A, O'Fallon, IL 62269. (**Exhibit 3**, ENDT00121.)

36.     Each of the Endurance Policies is subject to the following Supplementary Payments – Coverages A and B provisions, set forth in Section I:

> 1.     We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
>
> \*          \*          \*
>
> e.     All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.
>
> f.     Prejudgment interest awarded against the insured on that part of the judgment we pay…
>
> These payments will not reduce the limits of insurance.

(**Exhibit 1**, ENDT00022; **Exhibit 2**, ENDT00073; **Exhibit 3**, ENDT00135.)

37.     Each of the Endurance Policies is subject to the following provisions, set forth in Section – Who Is An Insured:

> 1.     If you are designated in the Declarations as:

301699650v1 1006608

\*       \*       \*

d.      An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*       \*       \*

2.      Each of the following is also an insured:

a.      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1)     "Bodily injury" or "personal and advertising injury":

(a)     To you … to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

\*       \*       \*

(c)     For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

(2)     "Property damage" to property:

(a)     Owned, occupied or used by,

(b)     Rented to, in the care, custody or control of, or over which physical control is being

301699650v1 1006608

exercised for any purpose by you, any of your "employees", "volunteer workers"….

(**Exhibit 1**, ENDT00023; **Exhibit 2**, ENDT00074; **Exhibit 3**, ENDT00136.)

38.     Each of the Endurance Policies contains the following definitions:

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*          \*          \*

5.     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6.     "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\*          \*          \*

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.     False arrest, detention or imprisonment;

b.     Malicious prosecution;

c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.     The use of another's advertising idea in your "advertisement"; or

301699650v1 1006608

g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\*    \*    \*

17.    "Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19.    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20.    "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

301699650v1 1006608

(**Exhibit 1**, ENDT00027-29; **Exhibit 2**, ENDT00078-80; **Exhibit 3**, ENDT00140-142.)

## THE UNDERLYING SHAREHOLDER DERIVATIVE ACTION

39.    On September 1, 2017, Dave Hursey, Liss, Skelton, Blue Orbis, HLH, Multimodal Logistics, and Christopher Hursey filed a Verified Complaint against Mark XVI, and its former Chief Executive Officer, Michael Head, in the underlying action entitled <u>Hursey, et al.</u> <u>v. Mark XVI Transportation Solutions, Inc., et al.</u>, Case No. 17 L 0486, Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois (the "Shareholder Derivative Action").

40.    Subsequently, the Amended Complaint was filed on January 18, 2018 in the Shareholder Derivative Action.

41.    A true and correct copy of the Amended Compliant is attached hereto as **Exhibit 4**, although the copy is missing Exhibits E, F, G, J, K, and L thereto, which were not obtainable from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**The Parties To The Amended Complaint**

42.    The Amended Complaint alleges that Mark XVI is a transportation logistics business in O'Fallon, Illinois, formed in 2012. (**Exhibit 4**, ¶¶ 1, 6, 36.)

43.    Michael Head is not named as an Underlying Defendant in the Amended Complaint, in contrast to the original Complaint filed in the Shareholder Derivative Action. Instead, Michael Head, derivatively on behalf of Mark XVI, is an Underlying Plaintiff in the Amended Complaint. (<u>Id</u>., ¶¶ 38-40.)

44.    Dave Hursey is an Underlying Plaintiff in the Amended Complaint, which alleges that he is a shareholder in Mark XVI and the managing member of another Underlying Plaintiff, HLH. (<u>Id</u>., ¶ 7.)

301699650v1 1006608

45.     HLH allegedly entered into a consulting agreement with Mark XVI dated January 1, 2015, which provided compensation for Dave Hursey's work as a business consultant. (Id., ¶¶ 173, 175.)

46.     Christopher Hursey is an Underlying Plaintiff in the Amended Complaint, which alleges that he owned eight percent of Mark XVI as of April 2017, and allegedly entered into an oral employment agreement with Mark XVI (on an unspecified date), which provided compensation for his work as Director of Operations. (Id., ¶¶ 10, 40, 193-94.)

47.     Liss is an Underlying Plaintiff in the Amended Complaint, which alleges that he is a shareholder in Mark XVI and the managing member of another Underlying Plaintiff, Multimodal Logistics. (Id., ¶ 9.)

48.     Multimodal Logistics allegedly entered into a consulting agreement with Mark XVI (on an unspecified date), which provided compensation for Liss's work as both an employee and a business consultant. (Id., ¶¶ 188-89.)

49.     Skelton is an Underlying Plaintiff in the Amended Complaint, which alleges that he is a shareholder in Mark XVI and the managing member of another Underlying Plaintiff, Blue Orbis. (Id., ¶8.)

50.     Blue Orbis allegedly entered into a consulting agreement with Mark XVI dated January 1, 2015, which provided compensation for Skelton's work as a business consultant. (Id., ¶¶ 180, 182.)

51.     Barry Calhoun ("Calhoun") is named as an Underlying Defendant in the Amended Complaint, which alleges that he is the director of another Underlying Defendant, Bayard Business Capital, Inc. ("Bayard Capital"). (Id., ¶ 14.)

301699650v1 1006608

52.    The Amended Complaint alleges that, in "early 2017," Mark XVI hired Bayard Capital as a financial consultant to secure mezzanine financing and a new line of credit. (Id., ¶ 50.)

53.    Neither Calhoun nor Bayard Capital is named as a Defendant in this Complaint for Declaratory Judgment.

54.    Grana is named as an Underlying Defendant in the Amended Complaint, which alleges that he is an officer of Mark XVI and its Chief Financial Officer. (Id., ¶ 15.)

55.    Desser is named as an Underlying Defendant in the Amended Complaint, which alleges that he is an officer of Mark XVI and its Controller. (Id., ¶ 16.)

56.    Visionary Capital, LLC ("Visionary Capital") is named as an Underlying Defendant in the Amended Complaint, which alleges that it was a potential "short-term loan source" for Mark XVI and allegedly "knowingly and substantially assisted" – and participated – in Underlying Defendants Grana and Desser's breach of fiduciary duties. (Id., ¶¶ 67, 139, 147.)

57.    Visionary Capital is not named as a Defendant in this Complaint for Declaratory Judgment.

58.    The Amended Complaint contains allegations which allege misconduct by Cynthia Head, but she is not named as an Underlying Defendant.

**The Allegations Of The Amended Complaint**

59.    The ten-count Amended Complaint alleges that, in "early 2017," Mark XVI was in need of a capital infusion to fuel further growth and acquisitions and, at the recommendation of Grana, retained a financial consultant, Bayard Capital, led by B. Stevens Plowman ("Plowman") and Calhoun. (Id., ¶¶ 2, 39, 50-51.)

301699650v1 1006608

60.     Allegedly, Calhoun "saw an opportunity to make much more money than just a consulting fee … by taking a personal stake in Mark XVI by exploiting the gravely ill CEO [Michael Head] and his failing marriage [with Cynthia Head]." (Id., ¶ 59.)

61.     It is alleged that, rather than help Mark XVI secure capital as he was hired to do, Calhoun "exploited its vulnerabilities to take the tens of millions of dollars of revenues for himself and install new leadership comprised of Grana and … Desser and dispose of the interests of other owners." (Id., ¶ 3.)

62.     The Amended Complaint alleges that Dave Hursey, Skelton, Liss, and Christopher Hursey (collectively, the "Individual Plaintiffs") – who together own 54% of Mark XVI – "are the victims of a palace coup stripping them of all benefits of ownership of a multi-million-dollar corporation." (Id., ¶ 33.)

63.     In addition to the allegations against Calhoun, the Amended Complaint alleges that Cynthia Head, Grana, and Desser illegally stripped the Individual Plaintiffs of all rights and benefits of ownership of Mark XVI, including the transmittal of an August 23, 2017 letter to Dave Hursey and Skelton which contained statements constituting "shareholder oppression" and "in direct violation of controlling shareholder protection statutes." (Id., ¶¶ 91-95.)

64.     According to the Amended Complaint, the actions committed by Cynthia Head, Grana, and Desser were "oppressive, illegal, fraudulent, and foolhardy." (Id., ¶ 96.)

65.     The Amended Complaint alleges that, after the Individual Plaintiffs were purportedly removed from Mark XVI, Desser and Grana assumed complete control of Mark XVI's finances. (Id., ¶ 97.)

66.     Allegedly, Mark XVI continued to earn revenue directly and through its wholly owned subsidiary (MLS, LLC) after Desser and Grana took control – with nothing paid to the other shareholders. (Id., ¶ 98.)

67.     The Amended Complaint alleges that (on information and belief), between August 15, 2017 and September 15, 2017, over $1.3 million was stolen from Mark XVI via a wire transfer to off-shore bank accounts. (Id., ¶ 26, 110.)

68.     The Amended Complaint alleges that (on information and belief), sometime after September 1, 2017, Grana transferred certain "physical files and electronic records held by Mark XVI" to a warehouse located in Saint Louis, Missouri where he was operating Mark XVI after taking control. (Id., ¶ 109.)

69.     Allegedly, "[i]n or about November of 2017," Desser and Grana retained Jera IT Training to wipe data from 60 computers purchased by MLS, LLC, a wholly owned subsidiary of Mark XVI; on information and belief, the computers contained information necessary to determine who received wire transfers. (Id., ¶ 112-13.)

70.     According to the Amended Complaint, "[o]n November 15, 2017, on approximately the same date the … computers were wiped, the warehouse, owned in part by Grana, containing any physical records of Mark XVI located at 3937 Park Avenue in Saint Louis, was burnt to the ground."

71.     The Amended Complaint alleges only intentional misconduct, including breach of contract.

72.     Eight of the ten counts of the Amended Complaint are directed against Mark XVI, Grana, and/or Desser. Count IV (Aiding and Abetting Breach of Fiduciary Duty) is directed

against Bayard Capital and Visionary Capital, and Count V (Tortious Interference With Economic Expectation) is directed against Calhoun.

73. Count I (Action Under [Arizona Statute] A.R.S. § 10-1430) is by Dave Hursey, Liss, Skelton, and Christopher Hursey against Mark XVI. Count I seeks an order compelling Mark XVI to "purchase Plaintiffs' shares at fair value in excess of $7,000,000 taking into account any impact on the value of the shares resulting from the actions giving rise to this Complaint."

74. Count II (Action Under A.R.S. § 10-1604) is by Dave Hursey, Liss, Skelton, and Christopher Hursey against Mark XVI. Count II seeks an order compelling Mark XVI to "allow the inspection and copying of all corporate records of Mark XVI and reasonable attorney's fees incurred by Plaintiffs."

75. Count III (Breach of Fiduciary Duty) is by Dave Hursey, Liss, Skelton, and Christopher Hursey against Grana and Desser. Count III seeks entry of a judgment against Defendants Grana and Desser in an amount in excess of $7,000,000, plus punitive damages, prejudgment interest, and costs.

76. Count VI (Intentional Spoliation of Evidence) is by Michael Head, derivatively on behalf of Mark XVI, against Grana and Desser. Count VI seeks entry of judgment against Defendants Grana and Desser in an amount in excess of $15,000,000, plus punitive damages, prejudgment interest, and costs.

77. Count VII, Count VIII, Count IX, and Count X are for Breach of Contract against Mark XVI, and allege breaches of consulting agreements and an oral employment agreement.

78. In the Amended Complaint, Plaintiffs seek "the full value of Mark XVI prior to [the Underlying Defendants'] interference worth over $17.5 million dollars, payment of Mark

XVI's contractual obligations to its management, a full accounting of the winding up of Mark XVI, payment of the fair value of the Individual Plaintiffs' ownership interest of Mark XVI prior to the palace coup, and punitive damages to punish and deter the disturbing actions of the individual Defendants alleged herein and willful destruction of evidence." (Id., ¶ 5.)

### NOTICE TO ENDURANCE

79.     Endurance first received notice of the claims alleged in the Shareholder Derivative Action on January 29, 2018, when it received a letter dated January 24, 2018 from attorney H. Vincent Monslow to Bernie Warriner of Warriner & Associates Insurance, Inc. ("the Notice").

80.     The Notice enclosed a copy of the Amended Complaint and requested that Warriner "present the Lawsuit to the various insurance companies who issued policies to [Mark XVI] for a determination of coverage and a defense in this Lawsuit. We understand that during the period covering 2014 through 2017, policies were issued by Endurance American Specialty Insurance Company and New York Marine and General Insurance Company."

81.     The Notice does not specify on behalf of which Defendants the tender of defense and indemnity is being made, but the Notice does single out counts directed against Mark XVI and Underlying Defendants Grana and Desser.

82.     The Notice states that "the Complaint reads as if Cynthia Head is a named defendant. Although she is not [a] defendant, we believe it is possible that plaintiffs may add her as a defendant."

83.     By letter dated February 23, 2018, Endurance denied a duty to defend or indemnify Underlying Defendants Mark XVI, Grana, and Desser, and also Cynthia Head, with respect to the Amended Complaint.

301699650v1 1006608

## COUNT I

**Declaratory Judgment**
**No Duty To Defend Or To Indemnify Cynthia Head Under The Endurance Policies**

84.     Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

85.     The insuring agreements for Coverages A and B of the Endurance Policies each provide that "We will have the right and duty to defend the insured against any 'suit' seeking those damages."

86.     The Endurance Policies define "suit" to mean "a civil proceeding…."

87.     Cynthia Head is not named as an Underlying Defendant in the Amended Complaint.

88.     As a result, Endurance has no duty to defend Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

89.     Because Endurance has no duty to defend Cynthia Head, Endurance can have no duty to indemnify Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint

90.     On information and belief, Cynthia Head disagrees with Endurance and contends that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

301699650v1 1006608

## COUNT II

### Declaratory Judgment
### No Duty To Defend Or To Indemnify Mark XVI, Grana,
### Desser, and Cynthia Head Under the 2014-2015 Endurance Policy

91.     Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

92.     Mark XVI is not an insured under the 2014-2015 Endurance Policy, which was issued to KART Brokerage Services LLC as the first named insured.

93.     KART Brokerage Services LLC is not a party to the Shareholder Derivative Action.

94.     Because Mark XVI is not a named insured under the 2014-2015 Endurance Policy, Grana, Desser, and Cynthia Head are not insureds under the 2014-2015 Endurance Policy with respect to the allegations in the Amended Complaint.

95.     Additionally, the alleged conduct and injuries at issue in the Amended Complaint began in "early 2017," such that there is no "property damage" or "bodily injury" alleged to have occurred during the policy period of the 2014-2015 Endurance Policy, as required by the insuring agreement of Coverage A (Bodily Injury And Property Damage Liability).

96.     The alleged conduct and injuries at issue in the Amended Complaint began in "early 2017," such that there is no "offense" which is alleged to have been committed during the policy period of the 2014-2015 Endurance Policy, as required by the insuring agreement of Coverage B (Personal And Advertising Injury Liability).

97.     As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the 2014-2015 Endurance Policy for the Amended Complaint.

98.     For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the 2014-2015 Endurance Policy for the Amended Complaint.

99.     On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the 2014-2015 Endurance Policy provides coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the policy. A judicial declaration is necessary and appropriate at this time.

## COUNT III

**Declaratory Judgment**
**No Duty To Defend Or To Indemnify Mark XVI, Grana,**
**Desser, and Cynthia Head Under The 2015-2016 Endurance Policy**

100.    Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

101.    The alleged conduct and injuries at issue in the Amended Complaint began in "early 2017," such that there is no "property damage" or "bodily injury" alleged to have occurred during the policy period of the 2015-2016 Endurance Policy, as required by the insuring agreement of Coverage A (Bodily Injury And Property Damage Liability).

102.    The alleged conduct and injuries at issue in the Amended Complaint began in "early 2017," such that there is no "offense" which is alleged to have been committed during the policy period of the 2015-2016 Endurance Policy, as required by the insuring agreement of Coverage B (Personal And Advertising Injury Liability).

103.    Endurance reserves all rights as to whether Grana, Desser, and/or Cynthia Head qualify as insureds under the 2015-2016 Endurance Policy with respect to the allegations of the Amended Complaint.

301699650v1 1006608

104.     As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the 2015-2016 Endurance Policy for the Amended Complaint.

105.     For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the 2015-2016 Endurance Policy for the Amended Complaint.

106.     On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the 2015-2016 Endurance Policy provides coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the policy. A judicial declaration is necessary and appropriate at this time.

## COUNT IV

**Declaratory Judgment**
**No Duty To Defend Or To Indemnify Mark XVI, Grana,**
**Desser, and Cynthia Head Under Coverage A Of All Endurance Policies**
**Because The Amended Complaint Does Not Trigger The Insuring Agreement**

107.     Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

108.     The Endurance Policies provide coverage under Coverage A (Bodily Injury And Property Damage Liability) only for sums an insured is "legally obligated to pay as damages because of 'bodily injury' or 'property damage'" occurring "during the policy period" and "caused by an 'occurrence.'"

109.     The Amended Complaint alleges only intentional misconduct, such that there is no "occurrence," because there is no "accident," as defined in the Endurance Policies.

301699650v1 1006608

110.    The breaches of contract alleged in the Amended Complaint are not "occurrences," as defined in the Endurance Policies.

111.    The Amended Complaint does not allege that the Underlying Plaintiffs have suffered "bodily injury," or any physical injury, sickness or disease, as defined in the Endurance Policies.

112.    The Amended Complaint does not allege that the Underlying Plaintiffs have suffered "property damage" as defined in the Endurance Policies, which requires physical injury to tangible property or loss of use of tangible property that is not physically injured.

113.    The Amended Complaint seeks the restitution of funds to which the Underlying Defendants allegedly were not legally entitled, which does not constitute "damages because of 'bodily injury' or 'property damage.'"

114.    Count I (Action Under A.R.S. § 10-1430) seeks equitable or injunctive relief, which does not constitute "damages because of 'bodily injury' or 'property damage.'"

115.    Count II (Action Under A.R.S. § 10-1604) seeks equitable or injunctive relief, which does not constitute "damages because of 'bodily injury' or 'property damage.'"

116.    To the extent that the Amended Complaint alleges "bodily injury" or "property damage" (which it does not), the "bodily injury" or "property damage" did not occur during the policy periods of the Endurance Policies.

117.    The Amended Complaint seeks attorney's fees and costs, which are not covered under Coverage A of the Endurance Policies because:

a.      The Underlying Plaintiffs' attorney's fees and costs are not "damages," such that they do not fall within the insuring agreement of Coverage A of the Endurance Policies;

301699650v1 1006608

b.    The Underlying Plaintiffs' attorney's fees and costs arise from uncovered claims;

c.    Endurance has no duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under the Endurance Policies for the Amended Complaint, such that Endurance can owe no obligations under the policies' supplementary payments provisions; and

d.    Even assuming Endurance could owe obligations under the Endurance Policies' supplementary payments provisions (which it does not), "attorneys' fees and attorneys' expenses" are excluded under paragraph 1(e) of the provisions.

118.    Endurance reserves all rights as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

119.    As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverage A of the Endurance Policies for the Amended Complaint.

120.    For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverage A of the Endurance Policies for the Amended Complaint.

121.    On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

## COUNT V

**Declaratory Judgment
No Duty To Defend Or To Indemnify Mark XVI, Grana,
Desser, and Cynthia Head Under Coverage B Of All Endurance Policies
Because The Amended Complaint Does Not Trigger The Insuring Agreement**

122.    Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

123.    The Endurance Policies provide coverage under Coverage B (Personal And Advertising Injury Liability) only for sums an insured is "legally obligated to pay as damages because of 'personal and advertising injury'" caused by an offense arising out of the Named Insured's business, but only if the offense was committed during the policy period.

124.    Each of the Endurance Policies' definitions of "personal and advertising injury" provides:

> 14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a.    False arrest, detention or imprisonment;
>
> b.    Malicious prosecution;
>
> c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;
>
> f.    The use of another's advertising idea in your "advertisement"; or
>
> g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

301699650v1 1006608

125.    The Amended Complaint does not allege any of the seven enumerated offenses from the definition of "personal and advertising injury."

126.    To the extent that the Amended Complaint alleges any of the seven enumerated offenses from the definition of "personal and advertising injury" (which it does not), there are no allegations that any such offense was committed by an insured under the Endurance Policies.

127.    To the extent that the Amended Complaint alleges "personal and advertising injury" (which it does not), there are no allegations that any insured is "legally obligated" to pay "damages because of 'personal and advertising injury.'"

128.    The Amended Complaint seeks the restitution of funds to which the Underlying Defendants allegedly were not legally entitled, which does not constitute "damages because of 'personal and advertising injury.'"

129.    Count I (Action Under A.R.S. § 10-1430) seeks equitable or injunctive relief, which does not constitute "damages because of 'personal and advertising injury.'"

130.    Count II (Action Under A.R.S. § 10-1604) seeks equitable or injunctive relief, which does not constitute "damages because of 'personal and advertising injury.'"

131.    The Amended Complaint seeks attorney's fees and costs, which are not covered under Coverage B of the Endurance Policies because:

a.    The Underlying Plaintiffs' attorney's fees and costs are not "damages," such that they do not fall within the insuring agreement of Coverage B of the Endurance Policies;

b.    The Underlying Plaintiffs' attorney's fees and costs arise from uncovered claims;

c.    Endurance has no duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under the Endurance Policies for the Amended Complaint, such

that Endurance can owe no obligations under the policies' supplementary payments provisions; and

d.     Even assuming Endurance could owe obligations under the Endurance Policies' supplementary payments provisions (which it does not), "attorneys' fees and attorneys' expenses" are excluded under paragraph 1(e) of the provisions.

132.     Endurance reserves all rights as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

133.     As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverage B of the Endurance Policies for the Amended Complaint.

134.     For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverage B of the Endurance Policies for the Amended Complaint.

135.     On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

## COUNT VI

**Declaratory Judgment**
**No Duty To Defend Or To Indemnify Mark XVI,**
**Grana, Desser, and Cynthia Head Under Coverages A And B Of All**
**Endurance Policies Based On The "Designated Premises" Endorsement Limitations**

136.     Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

301699650v1 1006608

137.    Each of the Endurance Policies is subject to a "Limitation of Coverage to Designated Premises or Project" endorsement, which provides that the "insurance applies only to 'bodily injury', 'property damage', 'personal and advertising injury' and medical expenses arising out of … [t]he ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises…."

138.    The location schedules ("All Premises You Own, Rent Or Occupy") of the Commercial General Liability Declarations for the 2014-2015 and 2015-2016 Endurance Policies list the following address: 1400 US Hwy 71 South, Savannah, MO 64485.

139.    The location schedule ("All Premises You Own, Rent Or Occupy") of the Commercial General Liability Declarations for the 2016-2017 Endurance Policy lists the following addresses: (1) 1400 US Hwy 71 South, Savannah, MO 64485; and (2) 1662 Windham Way, Suite A, O'Fallon, IL 62269.

140.    To the extent that the Amended Complaint alleges "bodily injury", "property damage", or "personal and advertising injury" (which it does not), it would not arise out of the "ownership, maintenance or use" of the premises listed in the location schedules of the Endurance Policies, or operations necessary or incidental to those premises.

141.    The limited scope of coverage provided by the Endurance Policies is reflected by amount of the policy premiums:

   a.    The total annual premium due for the 2014-2015 Endurance Policy was $787.50 (inclusive of tax and the policy fee).

   b.    The total annual premium due for the 2015-2016 Endurance Policy was $1,287.50 (inclusive of tax and the policy fee).

301699650v1 1006608

c.      The total annual premium due for the 2016-2017 Endurance Policy was $1,169.70 (inclusive of tax and the policy fee).

142.    Endurance reserves all rights as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

143.    As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

144.    For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

145.    On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

## **COUNT VII**

**Declaratory Judgment**
**No Duty To Defend Or To Indemnify Mark XVI,**
**Grana, Desser, and Cynthia Head Under Coverages A And B Of All**
**Endurance Policies Based On The "Professional Liability Exclusion" Endorsement**

146.    Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

147.    Each of the Endurance Policies is subject to a "Professional Liability Exclusion" endorsement, which provides that the policies "shall not apply to 'bodily injury', 'property

301699650v1 1006608

damage', 'personal and advertising injury' or medical expenses arising out of the rendering or failure to render any of the following professional services:… Financial or Investment Services."

148.    The "Professional Liability Exclusion" endorsement additionally provides that the policies "shall not apply to 'bodily injury', 'property damage', 'personal and advertising injury' or medical expenses arising out of any … consultancy services performed in connection with" any Financial or Investment Services.

149.    The "Professional Liability Exclusion" endorsement additionally provides that "[t]his exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the … hiring, employment … of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage', or the offense which caused the 'personal and advertising injury', involved the rendering of or failure to render any professional services by you or those who are either employed by you or performing work on your behalf in such capacity."

150.    To the extent that the Amended Complaint alleges "bodily injury", "property damage", or "personal and advertising injury" (which it does not), it would arise out of the financial consulting services performed on behalf of Mark XVI by Bayard Capital and Calhoun.

151.    Endurance reserves all rights as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

152.    As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

301699650v1 1006608

153.    For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

154.    On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

## COUNT VIII

**Declaratory Judgment
No Duty To Defend Or To Indemnify Mark XVI, Grana,
Desser, and Cynthia Head Under Coverages A And B Of All
Endurance Policies For The Spoliation/Destruction Of Evidence**

155.    Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

156.    The Amended Complaint alleges the spoliation/destruction of evidence.

157.    The spoliation/destruction of evidence alleged in the Amended Complaint took place in November 2017, after the termination of the policy period of the last Endurance Policy on October 1, 2017, such that it cannot constitute "property damage" or "bodily injury" occurring during the policy period, as required by the insuring agreement of Coverage A.

158.    The spoliation/destruction of evidence alleged in the Amended Complaint does not constitute "damages because of 'bodily injury' or 'property damage,'" as required by the insuring agreement of Coverage A.

159.    A component of the spoliation/destruction of evidence alleged in the Amended Complaint involved the destruction, wiping and/or overwriting of electronic records on 60

computers, which is excluded from the definition of "property damage" in the Endurance Policies.

160.    To the extent that the spoliation/destruction of evidence alleged in the Amended Complaint constitutes "damages because of … 'property damage,'" (which it does not), there are only allegations of "property damage" to either (a) property Mark XVI owns, (b) property loaned to Mark XVI, and/or (c) personal property in the care, custody or control of the insured, such that it falls within Exclusion j. (Damage To Property) of Coverage A.

161.    A component of the spoliation/destruction of evidence alleged in the Amended Complaint involves the destruction, wiping and/or overwriting of electronic records on 60 computers, which falls within Exclusion p. (Electronic Data) of Coverage A.

162.    The spoliation/destruction of evidence alleged in the Amended Complaint took place in November 2017, after the termination of the policy period of the last Endurance Policy on October 1, 2017, such that it cannot have been caused by an offense committed during the policy period, as required by the insuring agreement of Coverage B.

163.    The spoliation/destruction of evidence alleged in the Amended Complaint does not constitute "damages because of 'personal and advertising injury,'" as required by the insuring agreement of Coverage B.

164.    Endurance reserves all rights as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

165.    As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for any loss, costs, interest,

expenses or damages attributable to the spoliation/destruction of evidence alleged in the Amended Complaint.

166.    For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for any loss, costs, interest, expenses or damages attributable to the spoliation/destruction of evidence alleged in the Amended Complaint.

167.    On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

**COUNT IX**

**Declaratory Judgment**
**No Duty To Defend Or To Indemnify Mark XVI,**
**Grana, Desser, and Cynthia Head Under Coverages A And B**
**Of All Endurance Policies Based On Other Policy Exclusions And Conditions**

168.    Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

169.    To the extent that the Amended Complaint alleges "bodily injury" or "property damage" (which it does not), the allegations fall within Exclusion a. (Expected Or Intended Injury) of Coverage A, because the Amended Complaint does not allege negligent or reckless conduct, but rather alleges intentional acts and knowing harm.

170.    To the extent that the Amended Complaint alleges "personal and advertising injury" (which it does not), the allegations fall within Exclusion a. (Knowing Violation Of Rights

301699650v1 1006608

Of Another) of Coverage B, because the Amended Complaint does not allege negligent or reckless conduct, but rather alleges intentional acts and knowing harm.

171.    To the extent that the Amended Complaint alleges "personal and advertising injury" (which it does not), the allegations fall within Exclusion b. (Material Published With Knowledge Of Falsity) of Coverage B, because the Amended Complaint alleges actions that were fraudulent.

172.    To the extent that the Amended Complaint alleges "personal and advertising injury" (which it does not), the allegations fall within Exclusion d. (Criminal Acts) of Coverage B, because the Amended Complaint alleges actions that were "illegal."

173.    To the extent that the Amended Complaint alleges "personal and advertising injury" (which it does not), the breaches of contracts and agreements alleged in the Amended Complaint fall within Exclusion f. (Breach of Contract) of Coverage B.

174.    The Amended Complaint alleges that the "employment" of the Individual Plaintiffs was "terminated."

175.    To the extent that the Amended Complaint alleges "bodily injury", "property damage", or "personal and advertising injury" (which it does not), there is no coverage under Coverages A and B for any alleged injuries, damages, costs, and relief sought in the Amended Complaint which fall within the "Employment Relations Exclusion" endorsement to the Endurance Policies.

176.    The Amended Complaint alleges that "the Individual Plaintiffs were directly involved in the management and operations of Mark XVI," which is an Underlying Defendant.

177.    To the extent that the Amended Complaint alleges "bodily injury", "property damage", or "personal and advertising injury" (which it does not), there is no coverage under

Coverages A and B for any alleged injuries, damages, costs, and relief sought in the Amended Complaint which fall within the "Cross Liability Exclusion" endorsement to the Endurance Policies.

178.    To the extent that any conditions precedent to coverage under the Endurance Policies have not been satisfied, which include, but are not limited to, those conditions set forth in Section IV – Commercial General Liability Conditions, 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit, there is no coverage under the Endurance Policies.

179.    Coverage for the Amended Complaint may be barred by other terms, provisions, conditions, definitions, exclusions, and endorsements under the Endurance Policies.

180.    Endurance reserves as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

181.    As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

182.    For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

183.    On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

301699650v1 1006608

## COUNT X

### Declaratory Judgment
### No Duty To Defend Or To Indemnify
### Mark XVI, Grana, Desser, and Cynthia Head Under
### Coverages A And B Of All Endurance Policies For Intentional Misconduct

184.    Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

185.    The Amended Complaint alleges only intentional misconduct, including breach of contract.

186.    Intentional misconduct is uninsurable as a matter of law and/or public policy.

187.    Endurance reserves all rights as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

188.    As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

189.    For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

190.    On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

301699650v1 1006608

## COUNT XI

**Declaratory Judgment
No Duty To Defend Or To Indemnify
Mark XVI, Grana, Desser, and Cynthia Head Under
Coverages A And B Of All Endurance Policies For Punitive Damages**

191.    Endurance incorporates by reference paragraphs 1 through 83 above, as though fully restated herein.

192.    The Amended Complaint seeks "punitive damages to punish and deter the disturbing actions of the individual Defendants alleged herein and willful destruction of evidence."

193.    The punitive damages demanded in the Amended Complaint do not constitute "damages because of 'bodily injury' or 'property damage,'" as required by the insuring agreement of Coverage A of the Endurance Policies.

194.    The punitive damages demanded in the Amended Complaint do not constitute "damages because of 'personal and advertising injury,'" as required by the insuring agreement of Coverage B of the Endurance Policies.

195.    Punitive damages are uninsurable as a matter of law and public policy.

196.    Additionally, the Endurance Policies are subject to a "Punitive, Treble or Exemplary Damages Exclusion" endorsement, which provides that the policies do not provide indemnity for any loss, costs, interest, expenses or damages attributable to the punitive damages demanded in the Amended Complaint.

197.    Endurance reserves all rights as to whether Mark XVI, Grana, Desser, and/or Cynthia Head qualify as insureds under certain or all of the Endurance Policies with respect to the allegations of the Amended Complaint.

301699650v1 1006608

198. As a result, Endurance has no duty to defend Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for any loss, costs, interest, expenses or damages attributable to the punitive damages demanded in the Amended Complaint.

199. For the same reasons, Endurance also has no duty to indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for any loss, costs, interest, expenses or damages attributable to the punitive damages demanded in the Amended Complaint.

200. On information and belief, Mark XVI, Grana, Desser, and Cynthia Head disagree with Endurance and contend that the Endurance Policies provide coverage for the Amended Complaint, such that there exists an actual and justiciable controversy concerning the respective rights and duties of these parties under the Endurance Policies. A judicial declaration is necessary and appropriate at this time.

**WHEREFORE**, Plaintiff, Endurance American Specialty Insurance Company, respectfully requests judgment on its Complaint for Declaratory Judgment as follows:

(1) On Count I, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

(2) On Count II, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the 2014-2015 Endurance Policy for the Amended Complaint.

(3) On Count III, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under

301699650v1 1006608

Coverages A and B of the 2015-2016 Endurance Policy for the Amended Complaint.

(4)     On Count IV, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverage A of the Endurance Policies for the Amended Complaint.

(5)     On Count V, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverage B of the Endurance Policies for the Amended Complaint.

(6)     On Count VI, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

(7)     On Count VII, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

(8)     On Count VIII, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for any loss, costs, interest, expenses or damages attributable to the spoliation/destruction of evidence alleged in the Amended Complaint.

(9)     On Count IX, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

301699650v1 1006608

(10)    On Count X, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for the Amended Complaint.

(11)    On Count XI, that this Court determine and declare that Endurance does not owe a duty to defend or indemnify Mark XVI, Grana, Desser, and Cynthia Head under Coverages A and B of the Endurance Policies for any loss, costs, interest, expenses or damages attributable to the punitive damages demanded in the Amended Complaint.

(12)    That this Court award Endurance such other and further relief as is just and proper.

Dated: April 17, 2018                                    HINSHAW & CULBERTSON LLP


                                    By: /s/ Kyle C. Oehmke
                                        Counsel for Plaintiff, Endurance
                                        American Specialty Insurance Company

                                        Kyle Christopher Oehmke
                                        Bar No. 06300461
                                        koehmke@hinshawlaw.com
                                        HINSHAW & CULBERTSON LLP
                                        521 West Main Street, Suite 300
                                        P.O. Box 509
                                        Belleville, IL 62222
                                        Phone: (618) 277-2400

301699650v1 1006608